606 A.2d 982

**ROBERT WHOLEY COMPANY, INC., Petitioner,**

v.

**PENNSYLVANIA HUMAN RELATIONS COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 7, 1992.

Decided April 2, 1992.

Daniel W. Cooper, for petitioner.

Diane Blancett–Maddock, Asst. Chief Counsel, for respondent.

Before McGINLEY and FRIEDMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Before this Court is the appeal by Robert Wholey Company, Inc. (Employer) from the order of the Pennsylvania Human Relations Commission (Commission) ordering Employer to pay Patricia M. Marinacci (Marinacci) $72,129 in back pay plus an additional amount of interest of 6% per annum for violation of Section 5(d) of the Pennsylvania Human Relations Act (Act), Act of October 27, 1955, P.L. 744, *as amended*, 43 P.S. § 955(d).[1] We affirm.

Employer employed Marinacci as an inside sales representative in December 1982. Her duties included handling accounts, contacting customers, taking and processing or-

---

**1.** Section 955(d) of the Act makes it unlawful:

(d) [f]or any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act.

ders, making customers aware of new products and training new sales representatives when they were hired. Marinacci also participated in the holding of seafood seminars. Employer ranked its nine inside sales representatives according to the total dollar sales per week. Marinacci always ranked within the top five inside sales representatives.

On June 19, 1986, Marinacci filed a complaint with the Commission against Employer based on discrimination because of her sex and age (initial complaint). Marinacci subsequently withdrew this complaint based on an oral agreement with Employer that conditions would improve.

On September 15, 1986, Employer suspended Marinacci for one week for possessing and displaying a poster near her desk which stated " 'stress' that confusion created when one's mind overrides the body's basic desire to choke the living shit out of some asshole who desperately needs it." [2]

On September 15, 1986, the date Employer suspended Marinacci from work, she filed a second complaint with the Commission (second complaint). This complaint alleged that Employer discriminatorily suspended her in retaliation for filing the initial complaint.

The hearing examiner found that Employer discharged Marinacci in retaliation for filing the initial complaint with the Commission and recommended that Marinacci be awarded back pay with interest. Based on the examiner's recommendation, the Commission concluded that Employer did unlawfully retaliate against Marinacci for filing the initial complaint. The Commission ordered Employer to pay Marinacci back pay plus interest.

On appeal,[3] Employer argues that the Commission's findings do not support its conclusion that Employer's discharge of Marinacci was retaliatory. Employer also argues

2. Other sales representatives had the poster in their possession but Employer did not discipline them. September 6, 1990 hearing, p. 28.

3. This Court's scope of review of a Commission matter is whether the adjudication is in accordance with law, whether constitutional rights have been violated or whether the findings are supported by substantial evidence. 2 Pa.C.S. § 704.

that the Commission's findings, that the alleged reasons for Marinacci's discharge were pretextual, were not based upon substantial evidence.

■■■■■ In a retaliation case, the complainant establishes a prima facie case by proving:

(1) that the complainant engaged in a protected activity;

(2) that Employer was aware of the protected activity;

(3) that subsequent to participation of the protected activity complainant was subjected to an adverse employment action by Employer; and

(4) that there is a causal connection between participation of the protected activity and the adverse employment action.

*Brown Transport Corp. v. Pennsylvania Human Relations Commission*, 133 Pa.Commonwealth Ct. 545, 578 A.2d 555 (1990).[4]

■■■■ Employer asserts that Marinacci did not meet the first element of proving retaliation because the mere filing of the initial complaint without more is not protected activity. However, we have interpreted that it is unlawful under Section 955(d) of the Act for an employer to discriminate against an employee because the employee filed a complaint with the Commission. *See Consumers Motor Mart v. Pennsylvania Human Relations Commission*, 108 Pa.Commonwealth Ct. 59, 529 A.2d 571 (1987).

Employer does not challenge the second and third requirements of establishing retaliation because: (1) it was aware of Marinacci's filing of the initial complaint; (Finding, 3) and (2) Marinacci suffered an adverse employment action when terminated. (Commission decision, p. 14.)

Employer does, however, argue that Marinacci did not meet the fourth requirement for proving retaliation because

---

4. At the outset, Employer argues that the Commission never set forth in a finding of fact that Marinacci had engaged in a protected activity, but rather, made this determination in a conclusion of law. Legal conclusions are reviewable by this Court. *Stevens v. Workmen's Compensation Appeal Board (Pennsylvania Gas & Water Co.)*, 124 Pa.Commonwealth Ct. 486, 488 n. 1, 556 A.2d 522, 523 n. 1 (1989).

there is no causal link between the protected activity and the adverse decision. We do not agree.

When participation in a protected activity and the occurrence of an adverse employment action occur within close proximity in time, causation is inferred. *Goodwin v. Pittsburgh*, 480 F.Supp. 627 (W.D.Pa.1979), *affirmed* 624 F.2d 1090 (3rd Cir.1980). There is no dispute here that within three months of Marinacci's withdrawal of her initial complaint Employer suspended her. Therefore, having established a prima facie case of retaliation, the burden then shifts to Employer to produce evidence of a "legitimate non-discriminatory" reason for its action. *Consumers Motor Mart.*

Employer asserts that it terminated Marinacci because of her insubordination, *i.e.,* putting up an offensive poster in the office and having a disruptive influence on other staff members. Because such acts can be "legitimate non-discriminatory" reasons for terminating an employee, the burden shifted back to Marinacci to show that Employer's offered reasons were pretextual. *Id.*

The Commission found Employer's reasons pretextual because Marinacci filed an initial complaint with the Commission which was subsequently withdrawn. This complaint alleged that Employer discriminated against Marinacci because of her sex and age as well as withheld pay from Marinacci for losing an account. Marinacci subsequently withdrew her initial complaint. The Commission found that Marinacci, along with the nine other sales representatives, were warned to get rid of the poster in question, that Claimant complied by placing her poster out of sight under a calendar and other papers, whereas other employees continued to leave their copy of the poster out in the open; and that Claimant was disciplined for possession of the poster which was out of sight while the other employees were not disciplined notwithstanding the fact that their copy of the poster was out in the open. The Commission found Marinacci's testimony credible because: (1) Employer never disciplined her for insubordination; (2) she never

received a bad performance evaluation; and (3) she was a valued employee performing duties above the routine sales representative duties in addition to being a top sales producer for the company. "It is certainly not normal business practice that someone who has a disruptive influence and was insubordinate to her superiors, would be allowed to train new employees and meet prospective customers." Commission decision, p. 11.

 Employer argues that the Commission's findings are not supported by substantial evidence. In discrimination matters, the Commission has been recognized as an expert whose judgment will not be lightly substituted. *Orweco Frocks, Inc. v. Pennsylvania Human Relations Commission*, 113 Pa.Commonwealth Ct. 333, 537 A.2d 897 (1988). Further, credibility determinations are within the province of the Commission and these determinations may be based on demeanor as well as conflicts in testimony. *Brown Transport Corp.* [5]

Examination of the record as a whole clearly shows that substantial evidence of record exists to support the Commission's determination.

Because Employer unlawfully discriminated against Marinacci by discharging her, we affirm.

## ORDER

AND NOW, this 2nd day of April, 1992, the order of the Pennsylvania Human Relations Commission in the above-captioned matter is hereby affirmed.

**5.** Employer also argues that the Commission did not correctly apply the applicable legal standards necessary for a finding of retaliation, asserting that the original charge upon which the retaliation case is based must meet a "reasonable belief" standard. That is, in order to be engaged in protected activity, an employee must at least have a reasonable belief that unlawful employment practices existed. However, as the Commission correctly states, this is not the law in Pennsylvania. The law is clear that the resolution of such a complaint does not require inquiry into the complainant's original complaint. *Pennsylvania Human Relations Commission v. Thorp, Reed & Armstrong*, 25 Pa.Commonwealth Ct. 295, 361 A.2d 497 (1976).

McGINLEY, Judge, dissenting.

I respectfully dissent. The majority notes that when participation in a protected activity and the occurrence of an adverse employment action occur within close proximity in time, retaliation is inferred. However, in the present case, I believe that Marinacci's withdrawal of the initial complaint on July 22, 1986, precludes evaluating her discharge under a retaliation standard.

The majority cites our decision in *Consumers Motor Mart v. Pennsylvania Human Relations Commission,* 108 Pa.Commonwealth Ct. 59, 529 A.2d 571 (1987), for the rule that it is unlawful to discriminate against an employee because he or she filed a complaint with the Commission. Majority Opinion at 984. In *Consumers Motor Mart,* the employer told the complainant that since she had filed a complaint against her with the Commission, she no longer wanted the complainant working for her. *Id.,* 108 Pa.Commonwealth Ct. at 66, 529 A.2d at 575.

In the present case, the Commission inferred retaliation on Employer's part based only on the proximity in time between the filing of the initial complaint and Marinacci's discharge. As Former President Judge Bowman notes in his dissenting opinion in *Pennsylvania Human Relations Commission v. Thorp, Reed & Armstrong,* 25 Pa.Commonwealth Ct. 295, 361 A.2d 497 (1976), any action of any kind taken by an employer which in any manner alters the pre-existing employer-employee relationship is a per se violation of Section 5(d) of the Act, 43 P.S. § 955(d). *Id.,* 25 Pa.Commonwealth Ct. at 307, 361 A.2d at 503. Such is the case before us. I do not believe that temporal proximity alone is sufficient for Marinacci to establish the causation element of a prima facie case of retaliation given the fact that she voluntarily withdrew her initial complaint two months before her termination. To hold otherwise sends a message that an employee in a discharge case can confer jurisdiction on the Commission and gain a great advantage simply by filing a complaint regardless of whether or not that complaint is spurious and even if it is subsequently voluntarily

withdrawn. It should also be noted that although the complaint alleges sex and age discrimination, the attorney for the Commission admitted that no probable cause for those charges was found and they were not litigated.