Dorothea BEST, Plaintiff,

v.

Albert D. JANERICH, M.D., individually and t/a Albert D. Janerich, M.D. & Associates, Defendant.

No. 3:97CV0770.

United States District Court,
M.D. Pennsylvania.

Jan. 28, 1999.

Cynthia R. Vullo, Koff, Wendolowski, Ferguson & Mangan, P. C., Wilkes–Barre, PA, for Dorothea Best, plaintiff.

James P. Valentine, Rosenn Jenkins & Greenwald, Joseph G. Ferguson, Rosenn, Jenkins & Greenwald, Wilkes Barre, PA, for Albert D. Janerich & Associates, defendants.

## MEMORANDUM

MUNLEY, District Judge.

Before the court is the defendant's motion for summary judgment. The defendant is Albert D. Janerich, M.D., individually and t/a Albert D. Janerich, M.D. & Associates; and the plaintiff is Dorothea Best. For the following reasons, the defendant's motion is granted.

### Background

The plaintiff alleges as follows: In May of 1994, the defendant hired the plaintiff as a physician's assistant. Plaintiff Best alleges that Mark Lacey, a male physician's assistant previously hired by the defendant, received a substantially higher salary for substantially equal work. Defendant subsequently terminated the plaintiff on January 19, 1996. The plaintiff in her complaint alleges discrimination pursuant to the Equal Pay Act ("EPA"), 29 U.S.C.A. § 206(d) and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 955(a) and retaliation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C.A. § 215(a)(3) and the PHRA, 43 P.S. § 955(d). The defendant subsequently filed the instant motion for summary judgment.

### Discussion

Federal Rule of Civil Procedure 56(c) provides that the moving party is entitled to summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. A fact is "material" if proof of its existence or nonexistence might affect the outcome of the suit under the applicable law. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "Facts that could alter the outcome are material facts." *Charlton v. Paramus Bd. Of Educ.*, 25 F.3d 194, 197 (3d Cir.), *cert. denied,* 513 U.S. 1022, 115 S.Ct. 590, 130 L.Ed.2d 503 (1994). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510.

Initially, the moving party must show the absence of a genuine issue concerning any material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 329, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *White v. Westinghouse Elec. Co.,* 862 F.2d 56, 59 (3d Cir.1988); *Continental Ins. Co. v. Bodie,* 682 F.2d 436 (3d Cir.1982). Once the moving party has satisfied its burden, the nonmoving party "must present affirmative evidence to defeat a properly supported motion for summary judgment." *Anderson,* 477 U.S. at 256–57, 106 S.Ct. at 2514. Mere conclusory allegations or denials taken from the pleadings are insufficient to withstand a motion for summary judgment once the moving party has presented evidentiary materials. *Schoch v. First Fidelity Ban-*

*corporation,* 912 F.2d 654, 657 (3d Cir. 1990). Rule 56 requires the entry of summary judgment, after adequate time for discovery, where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552. "The moving party is 'entitled to judgment as a matter of law' because the nonmoving party has failed to make sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 323, 106 S.Ct. 2548. After a thorough examination of the matter *sub judice,* we are compelled to grant the defendant's summary judgment motion.

We find that the plaintiff has not alleged facts sufficient to sustain her claims for discrimination pursuant to the EPA and/or the PHRA. The Equal Pay Act, 29 U.S.C.A. § 206(d) states as follows:

(d) Prohibition of sex discrimination

(1) *No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions,* except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex: *Provided,* That an employer who is paying a wage rate differential in violation of this subsection shall not, in order to comply with provisions of this subsection, reduce the wage rate of any employee.

See EPA, 29 U.S.C.A. § 206(d) (emphasis added). The Pennsylvania Human Relations Act provision against sex discrimination states in pertinent part as follows:

It shall be an unlawful discriminatory practice, unless based upon a bona fide occupational qualification, or in the case of a fraternal corporation or association, unless based upon membership in such association or corporation, or except where based upon applicable security regulations established by the United States or the Commonwealth of Pennsylvania:

(a) For any employer because of the...sex...of any individual to refuse to hire or employ, or to bar or discharge from employment such individual, or to otherwise discriminate against such individual with respect to compensation, hire, tenure, terms, conditions or privileges of employment, if the individual is the best able and most competent to perform the services required...

See PHRA, 43 P.S. § 955 *et seq.* Viewing the record in the light most favorable to the plaintiff, the court finds that the plaintiff cannot establish that the defendant violated § 206(d) of the EPA or § 955 of the PHRA.

■■■■ With respect to the EPA, the plaintiff has failed to establish her burden of proving that she performed equal work for less pay. See *Miranda v. B & B Cash Grocery Store, Inc.,* 975 F.2d 1518 (11th Cir.1992). More specifically, Best has not shown that the defendant paid Mark Lacey a higher salary for equal work which required equal skill, effort, and responsibility, and which were performed under similar working conditions. Rather, as set forth more fully below, the record reflects that Lacey and Best did not perform "equal work". See *infra.* "Equal work" means work of "substantial equality". See *Hodgson v. Brookhaven General Hospital,* 436 F.2d 719 (5th Cir.1970); *Hodgson v. Square D. Co.,* 459 F.2d 805 (6th Cir.), cert. denied, 409 U.S. 967, 93 S.Ct. 293, 34 L.Ed.2d 232 (1972). Further, jobs do not

entail equal efforts (and skill and responsibility) even though they entail most of the same routine duties, if the more highly paid job involves additional tasks which (1) require extra effort (skill and responsibility), (2) consume a significant amount of time for all those whose pay differentials are to be justified in terms of them, and (3) are of an economic value commensurate with the pay differential. See *Brookhaven*.

■ Further, assuming *arguendo* that Best had established a *prima facie* case against Janerich, the defendant has set forth a number of reasons as to why Best, regardless of sex, was paid a lower salary than Lacey. Clearly, there is no dispute that Lacey was paid a substantially higher salary than Best. However, the law is clear that an employer may reward experience and consider prior salary without violating the EPA. *See Aldrich v. Randolph Cent. Sch. Dist.*, 963 F.2d 520 (2nd Cir.1992); *EEOC v. Altmeyer's Home Stores, Inc.*, 698 F.Supp. 594 (W.D.Pa.1988). It is also undisputed that Lacey worked as Dr. Janerich's physician's assistant for eight years before Best was hired[1] and that Lacey worked in the area of physical medicine, rehabilitation and addictive diseases during those eight years. (N.T. Lacey Deposition at 9). The record reveals that the defendant offered Lacey benefits and salary equivalent to that which Lacey had received from Geisinger in order to encourage Lacey to terminate his employment with Geisinger. (N.T. Janerich Deposition at 53; Lacey Deposition at 32–33; N.T. Best Deposition at 59).

The plaintiff's testimony further bolsters the defense's contentions that the plaintiff and Lacey had varying experience and that Janerich's decision to pay Lacey more may have been based on factors other than gender. In contrast to Lacey, Best had no experience in physical medicine, rehabilitation and addictive diseases and had less experience as a physician's assistant than Lacey.[2] (N.T. Best Deposition at 10–14; see also Plaintiff's Exhibit # 1). Furthermore, Lacey was responsible for more patients than Best and had additional duties at Clearbrook. (N.T. Best Deposition at 120; N.T. Lacey Deposition at 53, 68; N.T. Janerich Deposition at 30, 74–76). In addition, the evidence reflects that Lacey was the only physician extender in Janerich's office with privileges at Geisinger Wyoming Valley and that Lacey assisted the defendant in treating patients at that facility. Moreover, Best was informed by the defendant that Lacey was the plaintiff's supervisor and, subsequent to her termination from the defendant's employment, had referred to Lacey as her immediate supervisor in a sworn statement to the Unemployment Compensation Office and the Pennsylvania Human Relations Committee. (N.T. Best Deposition at 103, 240–247).

■ The court is equally convinced that the plaintiff has not established facts sufficient to support a sex discrimination claim pursuant to the PHRA, 43 P.S. § 955 *et seq.* To establish a case of gender-based discrimination, the plaintiff must first prove that her gender played a motivating part in the employment decision. Further, the employer may avoid a finding of liability only by showing by a preponderance of the evidence that he would have made the same decision without taking the plaintiff's gender into account. See *Taylor v. Pennsylvania Human Relations Comm.*, 681 A.2d 228 (1996). Instantly,

---

1. Lacey was employed by Geisinger Medical Group as a physician's assistant and was under the supervision of Dr. Janerich from April 1986 until July 1993. In July 1993, Dr. Janerich opened his own practice and hired Lacey as his physician's assistant. (N.T. Lacey Deposition at 9, 31; Janerich Deposition at 23–24).

2. Best had previously worked for three physician's offices for eight months (December 1977—July 1978, specializing in surgery and family practice), five months (July 1978—December 1978, specializing in obstetrics and gynecology) and seventeen months (November 1992—May 1994, specializing in neurosurgery). (N.T. Best Deposition at 10–24).

the plaintiff has set forth no facts to show that her gender was the reason for her lower salary. In contrast, the defense has evinced numerous factors as to why Best was paid less than Lacey such as the defendant's long-standing familiarity with Lacey's work, Lacey's experience as a physician's assistant and Lacey's expertise as a physician's assistant in the defendant's field. See *supra*.

The plaintiff's deposition testimony with regard to the conflicts and disagreements Best had with the defendant further persuades the court that the plaintiff's termination and/or salary was based upon factors other than gender. Best admitted to recalling that the defendant expressed dissatisfaction with the plaintiff's work within a year of her employment and that the plaintiff vocalized disapproval about her pay within two months of working for the defendant. (N.T. Best Deposition at 93–94, 103–104, 301–302). Best further admits that she did not follow Janerich's instructions pertaining to one of his patients because she had believed that the doctor was incorrect in his determination. (N.T. Best deposition at 261–262). The plaintiff's testimony also reveals that Best did not adhere to the defendant's directive that Best make an initial call to Lacey before contacting the defendant whenever the plaintiff was on call. (N.T. Best Deposition at 90–92). Lastly, at a January 17, 1996 staff meeting (two days prior to the plaintiff's termination), the plaintiff vocalized her belief that her decline in work was attributed to Janerich's limitations to Dr. Katz's practice.[3] (N.T. Best Deposition at 214–215). *See also* Plaintiff's Exhibit # 4 (Best's statement, under penalty of perjury, stated that the reason Janerich gave for firing her was that "[Best] wasn't doing things the way he [Janerich] wanted, and he loss [sic] sleep.").

■ We note that the plaintiff has not established any claim for gender-based *termination* pursuant to the PHRA and that

the court, therefore, need not address this issue at any great length. To establish gender-based termination under the PHRA, the employee has the burden of proving that the employee was a member of a protected class, that the employee was performing job duties in a satisfactory manner, that the employee was discharged from her position, and that *the employer sought others with similar qualifications to perform the same job duties. H.S.S. Vending Distributors v. Pennsylvania Human Relations Comm'n,* 162 Pa. Cmwlth. 602, 639 A.2d 953 (1994) (emphasis added). Instantly and without addressing the initial three conditions listed in *H.S.S. Vending,* Best has not alleged any facts to show that the defendant sought other male physician assistants with similar qualifications to do Best's job. Having failed to address the final prong for gender-based termination, the plaintiff therefore cannot claim that she was wrongfully terminated under § 944(a) of the PHRA.

■ Additionally, the court is not convinced by the plaintiff's contention that she has a viable claim for retaliation pursuant to the FLSA, 29 U.S.C.A. § 215(a)(3) and/or the PHRA, 43 P.S. § 955(d). The FLSA states in pertinent part as follows:

> ...[I]t shall be unlawful for any person...to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter...

29 U.S.C.A. § 215(a)(3). Similar concerns arising from retaliatory actions by an employer are set forth in the PHRA which states the following:

> It shall be an unlawful discriminatory practice...[f]or any person, employer, employment agency or labor organization to discriminate in any manner against an individual because such individual has... made a charge, testified or

---

**3.** Prior to the January 17, 1996 staff meeting, the plaintiff was to work exclusively with Dr. Katz. Dr. Katz was a new physician to the defendant's practice.

assisted in any manner, in any investigation, proceeding or hearing under this act.

43 P.S. § 955(d). The record is clear that the plaintiff filed a complaint with the PHRC and instituted the instant matter *after* she was terminated by the defendant. Further, any instances of discrimination alleged by the plaintiff took place prior to the plaintiff's termination from the defendant's employment and before the defendant became aware of the plaintiff's claims.

For the aforementioned reasons, we are compelled to grant the defendant's motion for summary judgment. An appropriate order follows.

### ORDER

NOW, to wit, this 28th day of January, 1999, the court upon consideration of the defendant's motion for summary judgment and for the reasons set forth in the accompanying opinion, it is hereby ORDERED as follows:

1. The defendant's motion for summary judgment is GRANTED; and

2. The Clerk of Court is directed close this case.