IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Luis G. Rosa,                          :
            Petitioner                 :
                                       :
        v.                             :
                                       :
State Civil Service Commission,        :    No. 111 C.D. 2021
            Respondent                 :    Submitted: June 3, 2022


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON            FILED:  December 5, 2022


            Luis G. Rosa (Rosa) petitions for review of the January 25, 2021 order
of the State Civil Service Commission (Commission) denying his request for a
hearing on the basis that his appeal request form contained insufficient allegations
of discrimination.  Upon review, we affirm.

## I. Background

            In December 2017, while serving as Director of Reentry and Quality
Assurance with the Pennsylvania Parole Board (Board), Rosa attended sexual
harassment training provided for employees of the Board and the Pennsylvania
Department of Corrections (Department).  *See* Appeal Request Form at 3,

Reproduced Record (R.R.) at 4a. Rosa alleged that John Wetzel, Secretary of the Department (Secretary Wetzel), authorized the use of "vile and inappropriate" examples of sexual assault in the prison setting, causing certain employees to leave the training. *Id.* Rosa subsequently confronted Secretary Wetzel at a meeting regarding the assertedly inappropriate training. *Id.*

In February 2018, Rosa was promoted to the position of Deputy Secretary for Reentry. Appeal Request Form at 3, R.R. at 4a. Rosa was subsequently terminated, learning of his discharge on April 25, 2018 by means of correspondence signed by Ty Stanton, Public Safety Human Relations Manager.[1] *Id.* at 4, R.R. at 5a.

In December 2018, Rosa submitted an application for a parole hearing officer position with the Board. *Id.* at 4, R.R. at 5a. In June 2019, Rosa received notice of the Board's decision not to fill the posted position. *See id.* at 4, R.R. at 5a.

In August 2019, Rosa applied for two additional positions with the Board.[2] *Id.* In November 2019, the Board informed Rosa of its intention not to fill the two positions. *Id.*

Rosa also unsuccessfully applied for a parole hearing officer position in October 2020. *Id.* at 3, R.R. at 4a. Rosa alleged that he received near perfect

---

[1] Confusingly, despite alleging that he was promoted to the position of Deputy Secretary for Reentry in February 2018, Rosa stated that he worked "most recently" as Director of Reentry and Quality Assurance for the Board until March 29, 2018, prior to his April 2018 termination. *See* Appeal Request Form at 3, R.R. at 4a. However, Rosa listed the position of Regional Institutional Parole Director in Part I(G) of the appeal request form, titled 'What is/was your latest civil service job title?'. *Id.* at 1, R.R. at 2a. Rosa also avers in his appellate brief that he was terminated by Secretary Wetzel, thereby suggesting that the Department was his most recent employer. *See* Rosa's Br. at 9.

[2] These positions were presumably also parole hearing officer positions. *See* Appeal Request Form at 4, R.R. at 5a.

scores on all relevant examinations in connection with his applications. *See id.* at 4, R.R. at 5a.

On November 30, 2020, Rosa learned that four positions had been posted, internally only, for employees of the Board and the Department. Appeal Request Form at 4, R.R. at 5a. Rosa's appeal request form provided the position numbers utilized in the posting but did not otherwise describe the nature of these positions, nor did it otherwise explain their relevance to Rosa's claim. *See id.* at 3, R.R. at 4a.

On December 10, 2020, Rosa submitted the appeal request form with the Commission. *See id.* at 1, R.R. at 2a. Rosa alleged racial discrimination, retaliation, disparate treatment and a "[v]iolation of Act 71 of 2018 (Civil Service Reform)[3] or Rules."[4] *Id.* Rosa checked boxes indicating that the challenged personnel actions involved "eligibility," "list removal," and "reinstatement," and requested remedies of reinstatement, lost wages and benefits, and "repeat hiring process." *Id.* at 1-2, R.R. at 2a-3a.

Rosa alleged that the following four individuals discriminated against him: Theodore Johnson, Chairman of the Board (Chairman Johnson); Secretary

---

[3] Act of June 28, 2018, P.L. 460, No. 71, § 1 (Act 71), 71 Pa.C.S. §§ 2101-3304.

[4] In alleging a violation of Act 71 or the Commission's Rules, Rosa likely intended to assert a claim of technical discrimination. This Court has explained technical discrimination as follows:

> Technical discrimination involves a violation of procedures required pursuant to [Act 71] or related Rules. In order to obtain relief, an employee must show that he was, in fact, harmed because of the technical non-compliance with [Act 71] or evidence that because of the peculiar nature of the procedural impropriety he could have been harmed but there is no way to prove that for certain.

*Reck v. State Civ. Serv. Comm'n*, 992 A.2d 977, 980 (Pa. Cmwlth. 2010) (citation omitted).

3

Wetzel; James Barnacle, Director of Investigations and Intelligence for the Department; and Ty Stanton, for whom Rosa did not specify the agency or other Commonwealth entity served. *See* Appeal Request Form at 3, R.R. at 4a. Rosa asserted that although Chairman Johnson informed him that "OA"[5] had not submitted his name for "some" of the civil service positions, he nevertheless discovered that his name had been submitted. *Id.* at 3, R.R. at 4a. Further, Rosa maintained that even though Chairman Johnson stated that certain of these positions were not filled, at least two candidates were in fact hired. *Id.* Rosa also alleged that Secretary Wetzel's stated reason for his termination, *i.e.*, pursuing a "change in leadership," was pretextual, and that his removal was in fact motivated by discrimination on the basis of race and national origin, as well as retaliation for his complaints regarding the 2017 sexual harassment training. *Id.* at 4, R.R. at 5a.

Rosa maintained that despite informing him it was not filling two of the parole hearing officer positions for which he had applied, the Board had in fact hired two parole hearing officers in March and April of 2019. Appeal Request Form at 4, R.R. at 5a. According to Rosa, this decision followed shortly after a March 2019 meeting at which Chairman Johnson requested from Mr. Barnacle a privileged and confidential "internal file" pertaining to Rosa without first obtaining authorization from Rosa, the Office of Administration, the Commission, or legal counsel for either the Board or the Department. *Id.* Rosa also alleged that Mr. Barnacle shared "a verbal statement on his thoughts/beliefs [regarding] Rosa with [] Chairman Johnson." *Id.* Further, Rosa asserted that the March 2019 meeting took place without the requisite pre-authorization. *Id.* Rosa also alleged that following the

---

[5] Rosa presumably refers to Pennsylvania's Office of Administration. *See* Appeal Request Form at 3, R.R. at 4a.

4

March 2019 meeting, he was treated as an "outside" hire rather than an "internal" hire, even though the Office of Administration had previously prioritized the reinstatement of former employees. *Id.* Rosa contended that his "opportunity was tainted once a negative reference was provided," and that "[t]his defamation was intentional, discriminatory, and retaliatory." *Id.* at 4, R.R. at 5a.

Further, Rosa asserted that the Board's decision in 2020 to restrict the four job postings to "internal" applicants constituted "another attempt [by the Board] to go around the system and deny [him] a fair opportunity to gain Commonwealth employment" in retaliation for confronting Secretary Wetzel regarding the allegedly inappropriate sexual harassment training. Appeal Request Form at 3, R.R. at 4a. Thus, Rosa maintained that the Board "thwarted [his] efforts to seek employment" by "act[ing] in concert with the [Department] to attempt to retaliate and deny [him] Commonwealth employment after his [April 2018] termination," even though he had been informed that reinstatement was possible as long as he was qualified for the position he sought. *Id.* at 4, R.R. at 5a.

By order dated January 20, 2021, and mailed on January 25, 2021, the Commission declined to grant Rosa a hearing on the basis that he failed to aver acts which, if proven, would constitute discrimination. Commission Order, 1/25/21, R.R. at 14a. Rosa petitioned this Court for review.[6]

---

[6] Our scope of review is limited to determining whether constitutional rights have been violated, an error of law has been committed, or necessary findings of fact are unsupported by substantial evidence. *Williams v. Civ. Serv. Comm'n*, 811 A.2d 1090, 1092 n.1 (Pa. Cmwlth. 2002); *see also* Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

## II. Issues

Before this Court, Rosa argues that the Commission erred in denying his request for a hearing, because the allegations of discrimination set forth in his appeal request form were sufficiently specific. *See* Rosa's Br. at 10-12. Rosa contends that he "alleged various forms of discrimination including, *inter alia*, retaliation and violations of civil service rules when he applied for multiple open [p]arole [h]earing [o]fficer positions with the [Board] but [] was not even interviewed for the openings despite the fact he had scored excellently on the [Commission's] tests[.]" *Id.* at 9. Further, Rosa asserts Secretary Wetzel's statement that Rosa was terminated in the interest of pursuing a change in leadership was merely pretextual, and he was in fact dismissed in retaliation for complaining about the allegedly inappropriate sexual harassment training authorized by Secretary Wetzel.[7] *Id.* at 10. Rosa also maintains that his termination was motivated by racial discrimination. *Id.* at 9-10. Moreover, Rosa contends that representatives of the Board and the Department shared privileged and confidential information pertaining to him without first obtaining his consent, in violation of Management Directive 505.18.[8] *Id.* at 10. Rosa contends that his "quite lengthy averments and explanations

---

[7] Although Rosa alleges that Secretary Wetzel influenced his termination, we note that Rosa was employed by the Board at the time of his termination. *See* Appeal Request Form at 3-4, R.R. at 4a-5a.

[8] Presumably, Rosa is referencing Management Directive 505.18 of the Pennsylvania Governor's Office, available at https://www.oa.pa.gov/Policies/md/Documents/505_18.pdf (last visited Dec. 2, 2022).

6

as to the basis for his [] appeal . . . more than sufficiently alleged acts of discrimination (specifically retaliation)." *Id.* at 11.[9]

### III. Discussion

Pursuant to Section 105.12(a) of the Commission's Rules, "[r]equests for hearings shall be . . . [r]eceived or postmarked not more than 20 calendar days after the employee receives notice of the challenged personnel action." 4 Pa. Code § 105.12(a)(3). A person alleging discrimination under Act 71[10] "shall appeal within 20 calendar days of the alleged discrimination."[11] *Id.* Rosa filed his appeal request form with the Commission on December 10, 2020. *See* Appeal Request Form at 1, R.R. at 2a. Thus, Rosa's appeal is timely only with respect to

---

[9] Rosa also asserted in his petition for review that the Commission violated his due process rights by failing to advise him of his ability to amend his appeal request form. *See* Pet. for Rev. at 2, ¶ 5. However, Rosa waived this argument by failing to include it in his appellate brief. *See Dubaskas v. Pa. Dep't of Corr.*, 81 A.3d 167, 171 n.6 (Pa. Cmwlth. 2013) (noting that petitioner's failure to brief assertion raised in petition for review resulted in waiver); *see also Van Duser v. Unemployment Comp. Bd. of Rev.*, 642 A.2d 544, 548 n.3 (Pa. Cmwlth. 1994) (stating that "[i]ssues not briefed are waived").

[10] We note that Section 105.12(a) of the Commission's rules has not been updated and still cites the former Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended*, formerly 71 P.S. §§ 741.1-741.1005, rather than the current Act 71.

[11] Although Section 105.12(a) of the Commission's Rules states that a person alleging discrimination "shall appeal within 20 calendar days of the alleged discrimination," as opposed to 20 days after the person "receives notice" of the alleged discrimination, this Court has observed that an appeal to the Commission is timely where it is received or postmarked within 20 days of the date of the discovery of the allegedly discriminatory personnel action. *See Seddon v. Pa. Liquor Control Bd.*, 609 A.2d 619, 621 (Pa. Cmwlth. 1992) (citing 4 Pa. Code § 105.12(a)(3) (stating that petitioners had "twenty days from the date of discovering that their non-selections for promotion were allegedly discriminatory to appeal to the Commission")).

his claim of retaliation premised on the restriction of four job postings to "internal" applicants, as Rosa alleged that he received notice of the "internal" posting on November 30, 2020. However, this claim is waived due to omission from Rosa's appellate brief. *See* Pa.R.A.P. 2119(a) (stating that the argument section of the brief shall be divided into as many parts as there are questions to be argued, followed by such discussion and citation of authorities as are deemed pertinent); *see also Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (stating, "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived"); *Rapid Pallet v. Unemployment Comp. Bd. of Rev.*, 707 A.2d 636, 638 (Pa. Cmwlth. 1998) ("Arguments not properly developed in a brief will be deemed waived by this Court.").[12]

Moreover, even if there were no waiver, we observe that Rosa failed to state a claim of retaliation. Section 105.12 of the Commission's Rules further provides:

> (b) The person appealing shall state clearly and concisely the:
>
> > (1) Grounds of the interest of the person in the subject matter.

---

[12] Further, we question whether the allegedly retaliatory "internal" job postings constitute a "personnel action" for purposes of Section 105.12(a)(3) of the Commission's Rules, 4 Pa. Code § 105.12(a)(3). *See, e.g.*, *Tempero v. Pa. Dep't of Env't Res.*, 403 A.2d 226, 228 (Pa. Cmwlth. 1979) (noting that "loss of supervisory authority, without more, is not a personnel action" for purposes of a discrimination claim by a civil service employee); *O'Peil v. Pa. State Civ. Serv. Comm'n*, 332 A.2d 879, 881 (Pa. Cmwlth. 1975) ("The adoption of or change in a compensation plan does not constitute a personnel action."). "Where there is no personnel action cognizable under [applicable civil service law], there can be no discrimination over which the Commission has jurisdiction. Not every occurrence is a personnel action." *Aurand v. State Civ. Serv. Comm'n (Dep't of Env't Prot.)*, 768 A.2d 353, 356 (Pa. Cmwlth. 2000) (quoting *Behm v. State Civ. Serv. Comm'n*, 494 A.2d 1166, 1168 (Pa. Cmwlth. 1985)).

8

(2) Facts relied upon.

(3) Relief sought.

(c) Appeals alleging discrimination which do not include specific facts relating to discrimination may be dismissed.

Specific facts which should appear on the appeal form include:

(1) The acts complained of.

(2) How the treatment differs from treatment of others similarly situated.

(3) When the acts occurred.

(4) When and how the appellant first became aware of the alleged discrimination.

4 Pa. Code § 105.12(b), (c). "The Commission may dismiss, *sua sponte*, an appeal for what is, in effect, a failure to state a cause of action for discrimination under [Section 2704 of Act 71, 71 Pa.C.S. § 2704]." *Craig v. State Civ. Serv. Comm'n (Dep't of Env't Prot.)*, 800 A.2d 364, 365 (Pa. Cmwlth. 2002). This Court has explained further:

> The burden of prosecuting such an appeal [(*i.e.*, an appeal based on discrimination)] rests with the employee. The underlying factual basis of the claimed discrimination must be enumerated specifically. Discrimination cannot be inferred; there must be affirmative factual support to sustain the allegations. . . . [This Court] must determine whether [an a]ppellant's appeal[] state[s] sufficient facts to establish a claim.

*Keim v. Dep't of Health*, 543 A.2d 1261, 1264 (Pa. Cmwlth. 1988) (citations omitted) (citing Section 105.12(c) of the Commission's Rules, 4 Pa. Code § 105.12(c)); *see also Pa. Game Comm'n v. State Civil Serv. Comm'n* (Pa. Cmwlth., No. 2308 C.D. 2007, filed May 7, 2008), slip op. at 5-6 (holding that where a civil service employee alleges discrimination in the form of retaliation, "the employee

9

bears the initial burden to show that the employer has acted in a discriminatory manner"). Thus, assuming Rosa had not waived his claim, the question *sub judice* would be whether he stated facts sufficient to establish a discrimination claim on the basis that restricting the 2020 job postings to "internal" applicants constituted retaliation.

Act 71 does not provide for a separate statutory claim of retaliation, independent of a discrimination claim under Section 2704, 71 Pa.C.S. § 2704. Rather, proving retaliation is one mode of establishing that an appointing authority engaged in discrimination by basing a personnel action on "nonmerit factors." *See id.*; *see also Beaver Cnty. v. Funk*, 492 A.2d 118, 121 & 121 n.7 (Pa. Cmwlth. 1985) (explaining that evidence regarding the financial state of the county at the time the employer furloughed a probationary status caseworker, coupled with testimony as to a witness's belief that the furlough was imposed in retaliation for the bargaining unit's refusal to accept a wage freeze, satisfied a caseworker's burden of establishing that the furlough was based on nonmerit factors and thus was discriminatory under Section 905.1 of the former Civil Service Act, 71 P.S. § 741.905(a)).

A complainant may establish a *prima facie* case of retaliation by demonstrating:

> (1) that the complainant engaged in a protected activity;
>
> (2) that [the e]mployer was aware of the protected activity;
>
> (3) that subsequent to participation of the protected activity [the] complainant was subjected to an adverse action by [the e]mployer; and
>
> (4) that there is a causal connection between participation of the protected activity and the adverse employment action.

10

*Robert Wholey Co. v. Pa. Hum. Rels. Comm'n*, 606 A.2d 982, 983 (Pa. Cmwlth. 1992). "Once the complainant makes this initial case, the burden then shifts to the employer to articulate some legitimate, non-discriminatory motive for its action. If the employer does so, the complainant is then given the opportunity to demonstrate that the proffered reasons were pretextual." *Spanish Council of York, Incorp. v. Pa. Hum. Rels. Comm'n*, 879 A.2d 391, 397 (Pa. Cmwlth. 2005).[13]

Here, Rosa failed to plead a causal connection between his complaint regarding the allegedly inappropriate sexual harassment training and the alleged adverse employment action (restricting certain job postings to "internal" applicants following his termination). Although Rosa does not specify when he allegedly confronted Secretary Wetzel regarding the training, presumably he did so sometime between the December 2017 training and his termination in the spring of 2018. *See* Appeal Request Form at 4, R.R. at 5a. Rosa averred that he learned of the purportedly retaliatory "internal" job postings on November 30, 2020. *See id.* This delay of roughly three years does not support an inference of causation, and Rosa failed to allege any other facts evidencing the requisite causal connection. *Cf. Circle Bolt & Nut Co., Inc. v. Pa. Hum. Rel. Comm'n*, 954 A.2d 1265, 1269 (Pa. Cmwlth. 2008) (determining that complainant established *prima facie* case of retaliation,

---

[13] This Court has previously applied cases involving discrimination claims brought under the Pennsylvania Human Relations Act, Act of October 27, 1955, P.L. 744, *as amended*, 43 P.S. §§ 951-963, to decide discrimination claims brought by current or former civil service employees. *See Pa. Game Comm'n*, slip op. at 9-10 (applying the four-prong test articulated in *Robert Wholey Co. v. Pa. Hum. Rels. Comm'n*, 606 A.2d 982, 983 (Pa. Cmwlth. 1992) (reasoning that "[b]ecause of the similarity in subject matter, the analysis from a Human Relations Commission case provides valued guidance" regarding a claim of discrimination in the form of retaliation under the former Civil Service Act); *cf. Henderson v. Pa. Off. of the Budget*, 560 A.2d 859, 863 (Pa. Cmwlth. 1989) (adopting for the resolution of traditional discrimination claims brought under the former Civil Service Act the standard applied by the Pennsylvania Supreme Court to decide such claims under the Pennsylvania Human Relations Act) (citing *Allegheny Housing Rehab. Corp. v. Pa. Hum. Rel. Comm'n*, 532 A.2d 315 (Pa. 1987)).

where employer transferred complainant less than 24 hours following her criticism of a co-worker's sexually offensive conduct and terminated her several weeks later); *Robert Wholey Co.*, 606 A.2d at 984 (holding that complainant established *prima facie* case of retaliation where employer issued suspension within three months of the withdrawal of complainant's initial complaint, reasoning that "[w]hen participation in a protected activity and the occurrence of an adverse employment action occur within close proximity in time, causation is inferred").[14]

For the foregoing reasons, we affirm.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[14] We note that Rosa's appeal request form reflects that he was promoted to the position of Deputy Secretary for Reentry *after* complaining to Secretary Wetzel regarding the allegedly inappropriate sexual harassment training. *See* Appeal Request Form at 3, R.R. at 4a. Assuming his is correct, Rosa's promotion further undercuts any causal connection between his complaint and the alleged retaliation.

Moreover, we observe that Rosa failed to establish that he "was subjected to an adverse action *by [the e]mployer*" when certain job postings were restricted to "internal" applicants following his termination, because neither the Board nor the Department was his employer at that time. *See Robert Wholey Co.*, 606 A.2d at 983.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Luis G. Rosa,                          :
                    Petitioner         :
                                       :
          v.                           :
                                       :
State Civil Service Commission,        :       No. 111 C.D. 2021
                    Respondent         :

O R D E R

AND NOW, this 5th day of December, 2022, the January 25, 2021 order of the State Civil Service Commission is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge