George A. Behm, Jr., Petitioner *v.* Commonwealth of Pennsylvania, State Civil Service Commission, Respondent.

Argued April 12, 1985, before Judges DOYLE and BARRY and Senior Judge BARBIERI, sitting as a panel of three.

*William J. C. O'Donnell, O'Donnell Law Offices,* for petitioner.

*Earl R. Dryer,* Deputy Counsel, for respondent.

OPINION BY JUDGE DOYLE, June 19, 1985:

This is an appeal by George A. Behm, Jr. (Appellant) from an order of the State Civil Service Commission (Commission) denying his request for a hearing. Appellant filed a request for a hearing with the Commission utilizing the Commission's Appeal Request form. Appellant checked a block on the form which indicated that he was appealing a "demotion" under Section 951(a) of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.-951(a) (Act).[1] He also indicated on the Appeal Request form that the appointing authority (Department of Public Welfare) had given no reason for demoting him. Section 951(a) allows a regular status employee to appeal a demotion. Appellant also indicated on the form that he wished to appeal under Section 951(b) of the Act, 71 P.S. §741.951(b), which relates to appeals alleging discrimination. The Appeal Request form directs an individual appealing on the basis of discrimination to "STATE ALL OF THE SPECIFIC REASONS FOR YOUR APPEAL IN THE SPACE PROVIDED." The instructions go to to state, "TO THE BEST OF YOUR KNOWLEDGE, STATE WHO DISCRIMINATED AGAINST YOU, WHEN THE DISCRIMINATION OCCURRED AND WHAT THE DISCRIMINATORY ACTIONS WERE. [YOUR APPEAL MAY BE DENIED IF YOU ARE NOT SPECIFIC.]" In addition, the Commission's

---

[1] Section 951 was added by Section 27 of the Act of August 27, 1963, P.L. 1257.

rule relating to requests for hearings states, "[a]ppeals under Section 951(b) of the Civil Service Act (71 P.S. §741.951(b)) which do not state specific acts of discrimination may be dismissed." 4 Pa. Code §105.12(c).

In completing the appeal request form Appellant typed the following information on the form:

As a result of a collective bargaining agreement between the Commonwealth of Pennsylvania and the Pennsylvania Nurses Association, duly approved by Governor Dick Thornburgh on January 26, 1984, of which notice was given to appellant on January 30, 1984, appellant has been effectively demoted from Pharmacist III to Pharmacist II and has been discriminated against in that, as a result of that collective bargaining agreement, all pharmacists in the employ of the Commonwealth of Pennsylvania, with the exception of appellant and a small handful, in addition to a 2 percent across-the-board, cost-of-living increment, received salary increases ranging from 5 to 15 percent while, without reason, and wholly unrelated to merit, appellant has received no salary increase other than the across-the-board, cost-of-living increase.

The Commission dismissed the appeal after determining that no personnel action appealable under the Act or the Commission's rules (4 Pa. Code §§91.1-110.5) had been alleged.

Our scope of review of a Commission adjudication is limited to determining whether there has been a violation of constitutional rights or an error of law or whether findings of fact are supported by substantial evidence. *Cunningham v. State Civil Service*

*Commission,* 17 Pa. Commonwealth Ct. 375, 332 A.2d 839 (1975).

On appeal we must determine whether, on the basis of the statements in the Appeal Request form, the Commission acted properly in denying Appellant a hearing. Appellant maintains that his due process rights were violated. To be entitled to a due process hearing one must be deprived of a liberty or property interest by the state. *Levine v. Department of Education,* 79 Pa. Commonwealth Ct. 357, 468 A.2d 1216 (1984). Accordingly, to determine whether the Commission should have granted a hearing we must decide if Appellant in his Appeal Request form indicated the deprivation of a "property right" cognizable under the Act.

With respect to the "demotion" we note that Section 3(r) of the Act defines this term as "a change [in status] to a position in a class carrying a lower maximum salary." 71 P.S. §741.3 (brackets in original). This Court has previously held that where an employee retains his classification and salary range no demotion has occurred. *Shaefer v. West Chester State College,* 54 Pa. Commonwealth Ct. 327, 421 A. 2d 502 (1980). *See also Silverman v. Department of Education,* 70 Pa. Commonwealth Ct. 444, 454 A.2d 185 (1982) wherein this Court expressly rejected the concept of a *de facto* demotion. Although Appellant is not required to allege specifics with respect to a demotion, he did state on his Appeal Request form that his "effective demotion" was an increase in the salaries of *other* employees while he received no such increase. In reality what Appellant challenged is the propriety of wage increases given to employees in a different classification. Thus, by Appellant's own statements no "demotion" as defined in the Act has been indicated and the Commission in so concluding

and denying a hearing under Section 951(a) of the Act committed no error.[2]

Next, we consider whether, based upon statements in the Appeal Request form, Appellant alleged sufficient facts to indicate a violation of the Act's prohibition against discrimination. Section 905.1 of the Act, 71 P.S. §741.905a,[3] provides in pertinent part: .

> [n]o officer or employe of the Commonwealth shall discriminate against any person in . . . . any . . . personnel action with respect to the classified service. . . .

We have previously held that an individual alleging discrimination under Section 905.1 of the Act must specifically recite the underlying basis of his claim. *Sienkiewicz v. Department of Public Welfare,* 53 Pa. Commonwealth Ct. 445, 417 A.2d 874 (1980).

The gist of Appellant's discrimination complaint is that pursuant to a collective bargaining agreement other employees received salary increases while he did not. But, it is evident that Section 905.1 prohibits discrimination *only* with respect to a *personnel action. Where there is no personnel action cognizable under the Act, there can be no discrimination over which the Commission has jurisdiction.* Not every occurrence is a personnel action. *See, e.g., Tempero v. Department of Environmental Resources,* 44 Pa. Commonwealth Ct. 235, 403 A.2d 226 (1979) (loss of supervisory authority is not a personnel action); *O'Peil v. State Civil Service Commission,* 16 Pa. Commonwealth Ct. 467, 332 A.2d 879 (1975) (failure to

---

[2] Even on appeal Appellant admits that the term "effective demotion" comes from a memorandum of understanding relating to a collective bargaining agreement rather than from the Act. Appellant's brief pp. 8-9.

[3] Section 905.1 was added by Section 25 of the Act of August 27, 1963, P.L. 1257.

receive an increment where none was forthcoming under a compensation plan is not a personnel action and a change in a compensation plan is not a personnel action). Even assuming arguendo that Appellant has alleged a personnel action, it is clearly *not a personnel action cognizable under the Act* inasmuch as we have previously held that the Commission lacks authority to consider classification issues. *Gorton v. State Civil Service Commission*, 35 Pa. Commonwealth Ct. 319, 385 A.2d 1026 (1978). Therefore, the Commission in examining the Appeal Request form and then dismissing the appeal without a hearing committed no error. *Sienkiewicz.*

Appellant, in his *brief,* indicates that the reclassification of other employees pursuant to the collective bargaining agreement resulted in a change in *Appellant's* anniversary date thereby impairing his seniority rights. It is unclear whether any seniority which may have in fact been impaired was Civil Service seniority or bargaining unit seniority. But this makes no difference because none of this information was presented to the Commission in the Appeal Request form. Rather, Appellant alleged these facts in his brief and at oral argument for the first time. There has been no allegation that this information was unavailable to Appellant at the time he filed his appeal with the Commission. This Court will not consider facts which were not of record before the Commission in determining whether the Commission properly dismissed an appeal. *See* Pa. R.A.P. 1551. The order of the Commission is therefore affirmed.

ORDER

Now, June 19, 1985, the order of the State Civil Service Commission, Appeal No. 5083, dated April 19, 1984, is hereby affirmed.