**James R. BENSON, Petitioner,**

v.

**DEPARTMENT OF ENVIRONMENTAL RESOURCES, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Nov. 10, 1994.

Decided Dec. 16, 1994.

Reargument Denied Feb. 7, 1995.

James R. Benson, petitioner, for himself.

Patrick H. Bair, Asst. Counsel, for respondent.

Before McGINLEY, and NEWMAN, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

James Benson appeals a State Civil Service Commission (Commission) decision granting the Department of Environmental Resources' (DER) "petition for reconsideration and motion to dismiss appeal" (petition).

The Commission found the following facts. Benson was employed at DER as an Air Pollution Control Engineer 4, and was Chief of the Abatement Monitoring Section in the Division of Abatement and Compliance. A reorganization of DER resulted in a new position of Chief of the Division of Compliance and Enforcement. Robert Kulp, an Air Pollution Control Engineer 5, was named to that position. Kulp had been Chief of the Division of Hazardous Air Pollutants, which was abolished by the reorganization. Kulp's pay, classification and immediate supervisor did not change as a result of the reorganization. Benson was not demoted, reassigned or reclassified as a result of the reorganization, although his section became part of the new Division of Compliance and Enforcement.

Benson brought an appeal to the Commission, alleging DER failed to select him as Chief of the new Division due to a continuation of past discrimination which had been the subject of prior appeals. DER filed its petition, asserting that the Commission lacked jurisdiction to hold a hearing because no personnel action at all took place as to Benson and, therefore, there was no appealable personnel action. The Commission de-

ferred ruling on the petition to allow hearing on Benson's discrimination appeal. In its decision, the Commission found no credible evidence that Benson was discriminated against in not being selected for the new position. Further, the new position was for an Air Pollution Control Engineer 5; Kulp was an engineer 5 and Benson was not. The Commission also determined that there was no appealable personnel action under 4 Pa. Code § 105.2 and, thus, it lacked authority to examine the matter further. The Commission issued its order granting DER's petition. Benson now appeals *pro se* to this Court.[1]

■ Benson asserts that DER's petition was not timely filed and thus should not have been considered by the Commission. The Commission granted Benson a hearing on April 6, 1993 and scheduled the hearing for October 21, 1993. DER filed its petition on or about October 18, 1993. Benson maintains that 4 Pa.Code § 105.17 requires such a petition to be filed within ten calendar days of the April 6, 1993 date the hearing was scheduled.

We conclude that Benson's procedural argument does not warrant disturbing the Commission's decision. For the following reasons, we perceive no procedural impropriety here. First, DER's petition was both a petition for reconsideration *and* a motion to dismiss the appeal. Only petitions for reconsideration are the subject of 4 Pa.Code § 105.17. Second, even if the petition were styled solely as a petition for reconsideration, it was not the arguably usual petition for "rescission or modification of an adjudication," 4 Pa.Code § 105.17(*l*), because there had been no adjudication. If the petition sought only reconsideration of the April 6, 1993 grant of a hearing and were deemed to be that, such a petition is subject to the requirement that it be "filed within 15 calendar days after issuance of the Commission order involved," 4 Pa.Code § 105.17(c). There is nonetheless no doubt that Benson received his hearing, as granted on April 6, whereby he put on his case. Thus, the April

1. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or necessary findings of fact were unsupported by substantial evidence. *Wanamaker v. Pennsylvania Liquor Control Board,* 148 Pa.Commonwealth Ct. 541, 611 A.2d 1368 (1992).

6 order was not reconsidered or overturned. Finally, Benson addressed the arguments DER raised in its petition by answer, at hearing and through argument. It is clear that the Commission heard Benson's case, considered the parties' substantive arguments and found against Benson on the subject of his appeal to the Commission, i.e., discrimination in a personnel action, which we now address.

Benson's substantive argument here is that Kulp was either reassigned or transferred under 4 Pa.Code § 105.2 when he was selected for the new position and, therefore, the Commission erred in determining there was no appealable personnel action for it to review.

■ DER responds as follows. First, Kulp was not transferred, because he was not moved "from one appointing authority to a different appointing authority." 4 Pa.Code § 91.3. Second, Kulp was not reassigned. Reassignment is defined as the "movement of an employe from one position to another position in the same class ... at the same maximum salary," 4 Pa.Code § 91.3. However, Kulp's position was abolished as a result of reorganization. In substance, therefore, Kulp was not moved, but remained in a position as reconstituted. Finally, even if Kulp were reassigned—in which event Kulp, not Benson, would have standing to appeal— Benson does not allege that there was any personnel action as to himself. Section 905.1 of the Civil Service Act (Act),[2] 71 P.S. § 741.905a, "prohibits discrimination only with respect to a personnel action. Where there is no personnel action cognizable under the Act, there can be no discrimination over which the Commission has jurisdiction. Not every occurrence is a personnel action." *Behm v. State Civil Service Commission,* 90

Pa.Commonwealth Ct. 207, 211, 494 A.2d 1166, 1168 (1985).[3]

■ The issue in this case is whether Benson was discriminated against in not being selected for the new position. The Commission's decision resolves this issue in favor of DER and Benson does not provide us with cognizable reasons for disturbing it. He does not challenge the finding that there had been a reorganization or that Kulp's previous position had thereby been abolished and, in effect, reconstituted. Nor does he challenge the findings that his own position was unchanged and unaffected, that he was ineligible for the new position and that he presented no credible evidence of discrimination against him. Moreover, 4 Pa.Code § 105.2 pertains to *written notice* for reassignments and transfers; notice of "nonselection" is not required under that regulation. *Taylor v. State Civil Service Commission,* 67 Pa.Commonwealth Ct. 594, 447 A.2d 1098 (1982).

The undisputed findings following Benson's presentation of evidence in this case are obviously sufficient for this Court to uphold the Commission's decision. The Commission held that there was no showing of discrimination. It further concluded essentially that there had merely been a reorganization which had no effect upon Benson and whereby someone else, Kulp, had his position abolished and was then placed in a new position. It is thus apparent that, based on the Commission's findings and discussion, the Commission could not properly sustain Benson's appeal. We think it was unnecessary for the Commission to have stated it was without "authority," to have discussed 4 Pa.Code § 105.2 or to have fashioned its order as granting DER's petition—as opposed to simply denying Benson's appeal.[4] Nevertheless,

2. Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §§ 741.1–741.1005.

3. DER acknowledges that "nonselection" is an appealable personnel action. The Commission stated that Benson had appealed his "non-selection for promotion." It is clear from Benson's appeal request to the Commission that he appealed under Section 905.1 of the Act, which prohibits discrimination in any personnel action. *Behm.* The term "personnel action" as used in that section includes—logically, we think, in the context of discrimination—"nonselection." *See*

*Keim v. Department of Health,* 117 Pa.Commonwealth Ct. 452, 543 A.2d 1261 (1988). An employee may appeal his "nonselection" for promotion on the basis of discrimination, and on that basis only, under section 905.1. *Id.* The employee must enumerate specifically the factual basis for his claim and has the burden of proving that claim with affirmative factual support. *Id.*

4. These points of form perhaps resulted from some confusing nomenclature DER used in opposing Benson's appeal—i.e., its "petition for reconsideration and motion to dismiss appeal"

the Commission provided Benson with a hearing on his appeal, made all necessary findings—unchallenged here by Benson—and reached the correct result based on those findings.

Accordingly, the Commission's decision is affirmed.

### ORDER

AND NOW, this 16th day of December, 1994, the order of the State Civil Service Commission, No. 17267, dated May 2, 1994, is hereby affirmed.

and its framing of the issue as a jurisdictional one—and from both parties' reliance on 4 Pa. Code § 105.2. However, despite the confusion caused to some degree by both parties and, in-

deed, by portions of the Commission's decision, it is clear that the Commission's decision should be affirmed.