**Darwin J. AURAND, Petitioner**

v.

**STATE CIVIL SERVICE COMMISSION (DEPARTMENT OF ENVIRONMENTAL PROTECTION), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 2000.
Decided Dec. 1, 2000.
Publication Ordered March 16, 2001.

Debra K. Wallet, Camp Hill, for petitioner.

Earl R. Dryer, Harrisburg, for respondent, State Civil Service Com'n.

Patrick H. Bair, Harrisburg, for respondent, Dept. of Environmental Protection.

Before PELLEGRINI, Judge, FRIEDMAN, Judge, and McCLOSKEY, Senior Judge.

FRIEDMAN, Judge.

Darwin J. Aurand (Aurand) petitions for review of an order of the State Civil Service Commission (Commission) which denied Aurand's request for a hearing under sections 951(a) and 951(b) of the Civil Service Act (Act).[1] We affirm.

Aurand is a Commonwealth Civil Service employee who works for the Department of Environmental Protection (DEP). By letter dated February 5, 1999, DEP notified Aurand that his job classification was Information Technology Manager 2. (R.R. at 10a.) An individual in this class serves as the Chief Information Technology Officer. (R.R. at 11a.)

By public announcement on October 18, 1999, the Secretary of DEP announced the consolidation of DEP's computer and technology functions into a new Office of Infor-

---

1. Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §§ 741.951(a) and (b).

mation Technology (OIT). (R.R. at 7a.) In addition, the Secretary announced the creation of a new senior-level, non-Civil Service position to head the OIT. This position was titled Chief Information Officer (CIO), and Kimberly Nelson (Nelson) was appointed as CIO. (R.R. at 7a.)

On October 27, 1999, Aurand filed an Appeal Request for a hearing before the Commission under sections 951(a) and 951(b) of the Act, and on November 24, 1999, the Commission issued an order denying Aurand's request on the grounds that: (1) the Commission lacked jurisdiction; (2) Aurand's request for a hearing was untimely; and (3) there was no personnel action. On December 27, 1999, Aurand filed a petition for review of the Commission's order with this court, in which he argues, *inter alia,* that the Commission erred or abused its discretion in failing to grant Aurand a hearing on these grounds.[2] Thus, on appeal,[3] this court must decide "whether, on the basis of the statements in the Appeal Request form, the Commission acted properly in denying [Aurand] a hearing." *Behm v. Commonwealth, State Civil Service Commission,* 90 Pa.Cmwlth. 207, 494 A.2d 1166 (1985).

### Section 951(a)

Under section 951(a) of the Act, a regular employee in the classified service may request a hearing on any "permanent separation, suspension for cause, furlough or demotion on the grounds that such action has been taken in his case in violation of the provisions of [the][A]ct." 71 P.S. § 741.951(a). Here, Aurand requested a hearing under section 951(a) on the grounds that he had been removed or demoted. (R.R. at 2a.)

The Act defines removal as "the permanent separation from the classified service of an employe who has been permanently appointed" and demotion as "a change [in status] to a position in a class carrying a lower maximum salary." 71 P.S. § 741.3(v), (r). Clearly, Aurand has not been removed or demoted from his position. He has not been removed because he is still a member of the classified service. In addition, Aurand has not alleged that he is not receiving any work assignments. *Cf. Commonwealth, Department of General Services v. Johnson,* 45 Pa. Cmwlth. 245, 405 A.2d 596 (1979) (finding that where duties once assigned to classified employee were assigned to unclassified employee and thereafter the classified employee received *no* work assignments for nearly eleven months, a personnel action occurred entitling the classified employee to a hearing). Similarly, we disagree with Aurand's assertion that he has been demoted because he makes no allegation that his classification or salary range has changed. *See Behm* (stating that where an employee retains his classification and salary range, no demotion has occurred). Likewise, Aurand's assertion that he has been *"effectively* removed or demoted" is not sufficient to give the Commission jurisdiction over this matter because this court has rejected the notion of a *de facto* demotion. *See id.* Thus, Aurand is not entitled to a section 951(a) hearing, and the Commission has no jurisdiction over his Appeal Request under section 951(a).

### Section 951(b)

Section 951(b) of the Act provides for hearings for alleged violations of section 905.1 of the Act, which prohibits discrimination only with respect to a person-

---

2. On December 3, 1999, Aurand also filed a request for reconsideration with the Commission, which the Commission denied in a letter dated December 22, 1999. Aurand has not appealed from that denial.

3. Our scope of review is limited to determining whether an error of law was committed,

whether constitutional rights were violated or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Behm v. Commonwealth, State Civil Service Commission,* 90 Pa.Cmwlth. 207, 494 A.2d 1166 (1985).

nel· action.[4] *Behm.* "Where there is no personnel action cognizable under the Act, there can be no discrimination over which the Commission has jurisdiction. Not every occurrence is a personnel action." *Id.* at 1168 (emphasis omitted).

In requesting a hearing under section 951(b), Aurand alleges his removal, demotion, reassignment, transfer and non-appointment/promotion to the ˙position of CIO of DEP. Because our prior determination, i.e., that Aurand was neither removed nor demoted, applies equally to Aurand's section 951(b) hearing request, we will limit our discussion to Aurand's claims regarding reassignment, transfer and non-appointment/promotion to the CIO position. (R.R. at 3a.)

▪ The Civil Service Commission Rules (Rules)[5] define reassignment as the "movement of an employe from one position to another position in the same class or in a similar class for which the employe qualifies at the same maximum salary." 4 Pa.Code § 91.3. Here, Aurand's Appeal Request states he "must have been reassigned or transferred at some point to create a 'vacancy' in the position of Chief Information Officer." (R.R. at 4a.) However, Aurand never held the CIO position. Indeed, Nelson was appointed to a newly created position. In addition, Aurand's Appeal Request fails to establish that he has moved from his position of Information Technology Manager 2 to another position.[6] Therefore, the Appeal Request does not establish that Aurand was reassigned. Accordingly, the alleged reassignment does not constitute a personnel action and cannot serve as the basis for a section 951(b) hearing.

▪ Aurand also alleges that he was transferred. The Rules define transfer as the "movement of an employe from one appointing authority to a different appointing authority." 4 Pa.Code § 91.3. An appointing authority consists of the "officers, board, commission, person or group of persons having power by law to make appointments in the classified service." 71 P.S. § 741.3(e), 4 Pa.Code § 91.3. Again, Aurand's Appeal Request merely states that he must have been transferred to create a vacancy; the Appeal Request fails to state any facts regarding the alleged transfer. Indeed, Aurand's Appeal Request does not even allege that he was moved from one appointing authority to another.[7] Therefore, the alleged transfer does not constitute a personnel action and cannot serve as the basis for a section 951(b) hearing.

▪ The final alleged personnel action for which Aurand seeks a section 951(b) hearing is the non-appointment/promotion to the CIO position. We recognize that an appointment and promotion are personnel actions, 4 Pa.Code § 105.2; however, to constitute an appointment or promotion over which the Commission has jurisdiction to hold a hearing, the appointment or promotion must relate to the classified service. *See* 71 P.S. § 741.3 (defining promotion as "a change to a position in a class" and class as "a group of positions

---

4. Section 905.1 prohibits discrimination against any person in "recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of political or religious opinions or affiliations because of labor union affiliations or because of race, national origin or other non-merit factors." Section 905.1 of the Act, *added by* the Act of August 27, 1963, P.L. 1257, 71 P.S. § 741.905a.

5. 4 Pa.Code §§ 91.1–110.5.

6. Moreover, the loss of supervisory authority alone, if any, is not a personnel action. *Tempero v. Commonwealth, Department of Environmental Resources*, 44 Pa.Cmwlth. 235, 403 A.2d 226 (1979).

7. DEP argues that Aurand was not transferred, asserting that the events were merely a reorganization, whereby several existing organization units were subsumed by the OIT. As a result of the reorganization, Aurand's immediate supervisor changed; however, his position vis-à-vis the Secretary of DEP did not change.

in the classified service"). Here, the CIO position is not in the classified service. Therefore, the Commission lacks jurisdiction to consider Aurand's challenge of his non-appointment/promotion to that position.[8]

 Because Aurand's Appeal Request does not establish that a personnel action occurred and because the Commission lacks jurisdiction over Aurand's appeal relating to non-appointment/promotion to CIO, the Commission's denial of Aurand's Appeal Request was proper.[9] Accordingly, we affirm.

## ORDER

AND NOW, this 1st day of December, 2000, the order of the State Civil Service Commission dated November 24, 1999, at Appeal No. 21442, is hereby affirmed.

8. Furthermore, to the extent Aurand seeks to challenge the classification of the CIO position, the Commission lacks jurisdiction over that challenge. *See Behm* (stating that the Commission lacks authority to consider classification issues).

9. Because of our disposition of these issues, we will not address the other issues raised by Aurand. However, as to the timeliness of Aurand's Appeal Request, we note our agreement with Aurand that denial of the hearing on these grounds was improper. An appeal request must be received by the Commission within twenty calendar days after the employee receives notice of the challenged personnel action. 4 Pa.Code § 105.12. A Civil Service employee is only entitled to written notice for personnel actions. *See* 4 Pa.Code § 105.2.

Notice of non-selection is not required. *Benson v. Department of Environmental Resources*, 651 A.2d 1168 (Pa.Cmwlth.1994); *Taylor v. Commonwealth, State Civil Service Commission*, 67 Pa.Cmwlth. 594, 447 A.2d 1098 (1982). Because there was no personnel action here, Aurand was not entitled to written notice. Nevertheless, he admits he received written notice via a formal announcement dated October 18, 1999, and that he received informal oral notice on October 7, 1999. Aurand filed his Appeal Request on October 27, 1999; therefore, even using the October 7 date, Aurand's Appeal Request was timely. However, the Commission's error in this regard is harmless given our disposition of the previous issues addressed.