# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Amy Mastrine, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 629 C.D. 2017 |
| | : | |
| State Civil Service Commission | : | Submitted: December 22, 2017 |
| (Torrance State Hospital, Department | : | |
| of Human Services), | : | |
| Respondent | : | |

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                    **FILED: April 13, 2018**

Amy Mastrine (Mastrine) petitions for review from an order of the State Civil Service Commission (Commission) that denied her request for a hearing under Sections 951(a) and (b) of the Civil Service Act (Act), 71 P.S. §741.951(a) and (b).[1] She alleged Torrance State Hospital, Department of Human Services (Appointing Authority), removed her from one location to another, based on age, gender and other non-merit factors. She argues the Commission erred in not holding a hearing on her discrimination claim. Upon review, we affirm in part, and we vacate and remand in part.

## I. Background

During all relevant times, Mastrine served Appointing Authority in the regular civil service as a licensed practical nurse (LPN), at the same classification and compensation level. In February 2017, Appointing Authority moved her location.

---

[1] Act of August 5, 1941, P.L. 752, as amended, added by the Act of August 27, 1963, P.L. 1257.

Mastrine appealed her assignment to a different location, alleging she was "removed from [her post] at Renner 4 to Greizman." Certified Record (C.R.), Item No. 1 (Appeal Request Form). In addition to claiming improper removal under Section 951(a) of the Act, she alleged discrimination based on age, gender and other non-merit factors in violation of Section 905.1 of the Act, 71 P.S. §741.905a.[2]

The Commission denied Mastrine's hearing request, stating, "[t]here [was] no indication that a removal action has occurred …." Comm'n Order, 4/19/17. As to her "reassignment of duty," it stated "[s]uch … is not a personnel action" subject to appeal. Id. The order did not acknowledge Mastrine's discrimination claim.

Mastrine filed a petition for review to this Court, challenging the Commission's order. After briefing, the matter is ready for disposition.[3]

## II. Discussion

On appeal,[4] Mastrine argues she set forth a valid discrimination claim. Because Appointing Authority removed her from her post for non-merit factors, she asserts, the Commission erred in denying her hearing request.

---

[2] Added by the Act of August 27, 1963, P.L. 1257.

[3] Appointing Authority did not file a brief or otherwise participate on appeal.

[4] Our "review is limited to determining whether an error of law was committed, whether constitutional rights were violated or whether necessary findings of fact are supported by substantial evidence." Aurand v. State Civil Serv. Comm'n (Dep't of Envtl. Prot.), 768 A.2d 353, 355 n.3 (Pa. Cmwlth. 2000).

The Commission responds that no personnel action occurred to warrant a hearing. It contends that whether she alleged "a valid discrimination claim is irrelevant since [Mastrine] was never removed." Resp't's Br. at 2.

This Court is presented with the narrow question of "whether, on the basis of the statements in the Appeal Request [F]orm, the Commission acted properly in denying [Mastrine] a hearing." Behm v. State Civil Serv. Comm'n, 494 A.2d 1166, 1167 (Pa. Cmwlth. 1985). Here, Mastrine appealed under both Section 951(a) of the Act, reserved for regular employees, and Section 951(b) of the Act, which relates to discrimination claims.

## A. Section 951(a)

Under Section 951(a) of the Act, a regular employee in the classified service may request a hearing on any "permanent separation, suspension for cause, furlough or demotion on the grounds that such action has been taken in [her] case in violation of the provisions of [the] [A]ct." 71 P.S. §741.951(a) (emphasis added). The Act defines "removal" as "the permanent separation from the classified service of an employe who has been permanently appointed." Section 3(v) of the Act, 71 P.S. §741.3(v) (emphasis added); see also 4 Pa. Code §91.3 (definitions).

Here, Mastrine sought a hearing under Section 951(a) of the Act predicated on her "removal" from her post. C.R., Item No. 1. However, the Appeal Request Form reflects she still worked for Appointing Authority in the same capacity, albeit at another location. Therefore, Mastrine did not allege a permanent separation from Appointing Authority that justifies a hearing under this provision. Behm.

3

Because Mastrine alleged no removal as that term is defined in the Act, the Commission did not err in denying her hearing request under Section 951(a) of the Act.

**B. Section 951(b)**

"Section 951(b) of the Act provides for hearings for alleged violations of [S]ection 905.1 of the Act, which prohibits discrimination only with respect to a personnel action." Aurand v. State Civil Serv. Comm'n (Dep't of Envtl. Prot.), 768 A.2d 353, 355-56 (Pa. Cmwlth. 2000) (emphasis added). Such a hearing is non-discretionary. Myers v. Pa. Liquor Control Bd., 403 A.2d 1061, 1062 (Pa. Cmwlth. 1979) ("under the circumstances described in … [Section 951(b)][,] the employee is entitled to a hearing of right ….").

Section 905.1 of the Act prohibits discrimination "against any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service … because of race, national origin or other non-merit factors." 71 P.S. §741.905a (emphasis added). Once an aggrieved employee appeals the alleged discrimination, "the [C]ommission shall promptly schedule and hold a public hearing." Section 951(b) of the Act, 71 P.S. §741.951(b) (emphasis added).

**1. Personnel Action**

First, we examine the alleged discriminatory action Mastrine described in the Appeal Request Form, and we assess whether it qualifies as a "personnel action." Aurand, 768 A.2d at 355-56.

4

As to the alleged personnel action, Mastrine asserted she "was removed from Renner 4 [one building] to Griezman[,]" another building within Appointing Authority. C.R., Item No. 1 (Appeal Request Form, Part III). In essence, Appointing Authority assigned her to serve as an LPN at another location.

Because Mastrine did not attach written notice of the alleged personnel action, the Commission sought documentation from Appointing Authority. See Resp't's Br. at 3. Specifically, it requested "a copy of [Mastrine's] removal letter." C.R., Item No. 2 (Email) (emphasis added). Appointing Authority responded that Mastrine "has not been removed, she is still employed with [Appointing Authority] as a[n] LPN." Id. (emphasis added).

Citing the doctrine of "official notice,"[5] the Commission consulted its files when reviewing Mastrine's appeal. Resp't's Br. at 4. It confirmed that Mastrine's classification and compensation remained the same after the alleged personnel action. C.R., Item No. 3. Based on its premise that no removal action occurred, the Commission contends a hearing was not warranted. We disagree.

First and foremost, we reject the Commission's premise that Mastrine's appeal was limited to a removal from classified service. That she used the term "removal" does not alter the nature of the personnel action under review. Rather,

---

[5] "Official notice" is the administrative counterpart to judicial notice. "The doctrine allows an agency to take official notice of facts which are obvious and notorious to an expert in the agency's field and those facts contained in reports and records in the agency's files, in addition to those facts which are obvious and notorious to the average person." Falasco v. Pa. Bd. of Prob. & Parole, 521 A.2d 991, 994 n.6 (Pa. Cmwlth. 1987).

5

courts consider whether the action as described merits a hearing under the Act. See Benson v. Dep't of Envtl. Res., 651 A.2d 1168 (Pa. Cmwlth. 1994).

As described in the Appeal Request Form, the alleged discriminatory personnel action was *moving* Mastrine from one post and placing her in another. This action implicates a reassignment. Id.

Relevant here, the regulations enumerate reassignment among several personnel actions. 4 Pa. Code §105.2. "Reassignment" is defined as "the <u>movement</u> of an employee <u>from one position to another position</u> in the same class or in a similar class for which the employee qualifies at the same maximum salary." 4 Pa. Code §91.3 (emphasis added). "Position" is defined as "a group of current duties and responsibilities assigned or delegated by competent authority requiring the full-time or part-time employment of one person." Id.; see also Section 3(f) of the Act, 71 P.S. §741.3(f).

Moreover, in its order, the Commission expressly recognized that Mastrine's "appeal also relate[d] to [her] reassignment of duty." C.R., Item No. 4. Accordingly, the Commission's argument in its brief that Mastrine neglected to allege any personnel action other than a removal in her appeal is not well-taken.

We also disagree with the Commission's contention that "whether [Mastrine] had set forth a valid discrimination claim is irrelevant since [she] was never removed." Resp't's Br. at 2. Because the Commission acknowledged "[Mastrine's] reassignment of duty" in its order, it should have considered whether

6

that reassignment was a personnel action that could serve as a basis for a discrimination claim.  C.R., Item No. 4.

Significantly, the Commission did not address whether the reassignment of duty qualified as a personnel action under the Act.  "Personnel action" is a broader term that includes several actions in addition to removal.  See 4 Pa. Code §105.2. Therefore, the Commission's focus on the fact that no removal occurred, to the exclusion of other personnel actions, was misplaced.

Applying the regulatory definition here, the action Mastrine described in the Appeal Request Form indicates a reassignment.  Mastrine was moved from one position to another position in the same class, performing "sufficiently similar … duties and responsibilities thereof that the same descriptive title may be used for each of such positions."   Section 3(g) of the Act, 71 P.S. §741.3(g) (defining "class").  As a result, we conclude Mastrine sufficiently alleged[6] a personnel action under the Act, so as to require further evaluation by the Commission.

A reassignment is an appealable personnel action when it is the basis for a discrimination claim.  See Carr v. Dep't of Pub. Welfare, Woodville State Hosp., 456 A.2d 240 (Pa. Cmwlth. 1983).  However, from our review of the order, it is not clear that the Commission evaluated the reassignment in the context of a

---

[6] We are mindful that in the event Mastrine was moved to a newly created position, the move may not constitute a reassignment.  See, e.g., Benson v. Dep't of Envtl. Res., 651 A.2d 1168 (Pa. Cmwlth. 1994) (reassignment does not occur when employee takes new position created during a reorganization).  That is not clear on the record; the Commission may explore that issue when it evaluates the hearing request under Section 951(b) of the Act, 71 P.S. §741.951(b).

7

discrimination claim and a hearing request under Section 951(b) of the Act.[7] Accordingly, in the interest of judicial efficiency, we turn to whether Mastrine's appeal triggered analysis under that provision.

## 2. Discrimination Claim

At a minimum, an appeal under Section 951(b) of the Act must allege a personnel action was discriminatory in violation of Section 905.1 of the Act. See 71 P.S. §741.951(b). Pursuant to Commission regulations, an appeal alleging discrimination must include "specific facts relating to discrimination." 4 Pa. Code §105.12(c). The following specific facts should appear in the appeal request form:

> (1) The acts complained of.
>
> (2) How the treatment differs from treatment of others similarly situated.
>
> (3) When the acts occurred.
>
> (4) When and how the appellant first became aware of the alleged discrimination.

Id. The Commission properly dismisses an appeal without a hearing based on an insufficient allegation of discrimination. Reck v. State Civil Serv. Comm'n, 992 A.2d 977 (Pa. Cmwlth. 2010).

Significantly, here the Commission did not dismiss Mastrine's hearing request on that basis. In fact, the Commission represents in its brief that it "never actually evaluated whether the discrimination claims were sufficient to warrant

---

[7] When the Commission stated a reassignment was "not an appealable action," it apparently did so under Section 951(a) of the Act, 71 P.S. §741.951(a). Certified Record, Item No. 4.

8

holding a hearing." Resp't's Br. at 6 (emphasis added). Accordingly, the legal sufficiency of Mastrine's discrimination claim is not before us.

In reviewing the contents of the Appeal Request Form, the Commission erred in not considering Mastrine's hearing request under Section 951(b) of the Act. Without opining as to the sufficiency of her claim under Commission regulations, we discern that Mastrine used language that put the Commission on notice that she sought a hearing based on alleged discrimination.

First, it is evident Mastrine sought a hearing based on discrimination because she completed Part III of the Appeal Request Form, entitled "All Persons/Employes Alleging Discrimination." C.R., Item No. 1. Second, as to the type of discrimination, Mastrine checked four boxes that corresponded to age, sex, "violation of [the Act]/Rules" and other non-merit factors. Id. Third, she further described her discrimination claim in an addendum as follows:

> [Mastrine] alleged age discrimination. [Mastrine] is over the age of forty (40) and was removed from her position and replaced with someone with less education, experience and knowledge. Furthermore, [Mastrine] [was] discriminated against based on sex, i.e., being a female. In addition, [Mastrine] was removed for other non-merit factors which are only known to [Appointing Authority] because she has had no type of relief or knowledge of any allegations.

Id. (Addendum). Thus, Mastrine identified four grounds for discrimination so as to trigger review of her hearing request under Section 951(b) of the Act.

From all appearances, the Commission did not consider the merit *or* the sufficiency of Mastrine's discrimination claim. Because the Commission recognized the reassignment of duty in its order, and a reassignment is a personnel action that, when based on non-merit facts, may constitute grounds for a discrimination claim, the Commission erred in neglecting to consider the sufficiency of Mastrine's allegations before dismissing her appeal.

A remand to an agency is appropriate to allow an agency to construe its regulations in the first instance. See generally Manor v. Dep't of Pub. Welfare, 796 A.2d 1020 (Pa. Cmwlth. 2002) (remanding to agency to construe statement of policy). Here, a remand would enable the Commission to assess the sufficiency of Mastrine's discrimination claim under 4 Pa. Code §105.12(c). Accordingly, we remand to the Commission to consider the sufficiency, and, if necessary, merit, of Mastrine's hearing request on her discrimination claim. Craig v. State Civil Serv. Comm'n (Dep't of Envtl. Prot.), 800 A.2d 364 (Pa. Cmwlth. 2002) (remanding to Commission to grant a hearing as to racial discrimination claim).

### III. Conclusion

From its order, it is not evident that the Commission considered Mastrine's hearing request under Section 951(b) of the Act.

Because Mastrine was not removed from service, we affirm the Commission's order as to its denial of Mastrine's hearing request under Section 951(a) of the Act. However, we vacate the Commission's order as to its denial of a hearing on Mastrine's discrimination claim that relates to her reassignment of duty.

10

Because the Commission did not appear to consider Mastrine's hearing request under Section 951(b) of the Act, we remand to the Commission to do so based on her reassignment of duty.

ROBERT SIMPSON, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Amy Mastrine,  :
               Petitioner  :
                                        :
              v.  :      No. 629 C.D. 2017
                                          :
State Civil Service Commission  :
(Torrance State Hospital, Department  :
of Human Services),  :
              Respondent  :

## O R D E R

**AND NOW**, this 13th day of April, 2018, the order of the State Civil Service Commission is **AFFIRMED IN PART**, and **VACATED IN PART,** and this matter is **REMANDED** to allow the State Civil Service Commission to consider the sufficiency, and if necessary, the merit of Petitioner's hearing request on her discrimination claim under Section 951(b) of the Civil Service Act, 71 P.S. §741.951 (b).[8]

Jurisdiction is relinquished.

 

ROBERT SIMPSON, Judge

---

[8] Act of August 5, 1941, P.L. 752, as amended, added by the Act of August 27, 1963, P.L. 1257.

Amy Mastrine,                          :
                        Petitioner          :
                                 :
          v.                    :
                                 :
State Civil Service Commission         :
(Torrance State Hospital, Department    :
of Human Services),                    :  No. 629 C.D. 2017
                   Respondent     :  Submitted: December 22, 2017


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

CONCURRING/DISSENTING OPINION
BY JUDGE COVEY                       FILED: April 13, 2018

        I agree with the Majority's conclusion that because Amy Mastrine (Mastrine) was not removed from service, the State Civil Service Commission's (Commission) order denying Mastrine's hearing request under Section 951(a) of the Civil Service Act (Act)[1] should be affirmed. However, I respectfully dissent from the Majority's conclusion that the Commission erred by not holding a hearing on Mastrine's discrimination claim under Section 951(b) of the Act.[2] Because Mastrine[3] checked off "removal" on her State Civil Service Commission Appeal Request Form (Appeal Request Form) as the basis for her unlawful discrimination, rather than "reassignment," as stated by the Majority, she was not entitled to a hearing. Moreover, Mastrine, did not state a prima facie case of unlawful discrimination.

---

[1] Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. § 741.951(a). Section 951 was added by Section 27 of the Act of August 27, 1963, P.L. 1257.

[2] 71 P.S. § 741.951(b).

[3] Mastrine was and continues to be represented by counsel.

Notably absent from Mastrine's Appeal Request Form, as well as the Majority's recitation of facts, is that Mastrine was allegedly replaced by someone younger or a male. Thus, I would affirm the Commission's order denying Mastrine's hearing request under Section 951(b) of the Act.

The Majority remands this matter for the Commission to consider Mastrine's discrimination claim on a basis not asserted in her Appeal Request Form, nor stated in her Petition for Review or argued in her brief filed with this Court.

The Majority opines:

> First and foremost, we reject the Commission's premise that Mastrine's appeal was limited to a removal from classified service. That she used the term 'removal' does not alter the nature of the personnel action under review. Rather, courts consider whether the action as described merits a hearing under the Act. *See Benson v. Dep't of Envtl. Res.*, 651 A.2d 1168 (Pa. Cmwlth. 1994).

Majority Op. at 5-6. However, *Benson* is inapposite to the instant case because the alleged discriminatory action in *Benson* was "non-selection for promotion" which does not appear on the Appeal Request Form. *Id.* at 1170 n.3. "Reassignment," the action the Majority would like to review in this matter, is in fact an option on the Appeal Request Form, but Mastrine chose not to select it. Further, in *Benson,* the petitioner made it clear that his *non-selection* was the alleged action upon which his discrimination claim was based. Mastrine did not aver nor did she argue that *reassignment* was the alleged action upon which her discrimination claim was founded.[4]

This Court has held: "On appeal we must determine whether, **on the basis of the statements in the Appeal Request [F]orm**, the Commission acted

---

[4] Notably, the *Benson* Court affirmed the Commission's order granting the Department of Environmental Resources' petition for reconsideration and motion to dismiss petitioner's appeal. In addition, although a hearing was held in that matter, the Court never addressed whether it was required.

properly in denying [the a]ppellant a hearing." *Behm v. State Civil Serv. Comm'n,* 494 A.2d 1166, 1167 (Pa. Cmwlth. 1985) (emphasis added). Further,

> it is evident that **Section 905.1 [of the Act**[5]**]** prohibits discrimination *only* with respect to a *personnel action. **Where there is no personnel action cognizable under the Act, there can be no discrimination over which the Commission has jurisdiction.*** Not every occurrence is a **personnel action**. *See, e.g., Tempero v. [Dep't] of [Envtl.] Res*[.], . . . 403 A.2d 226 ([Pa. Cmwlth.] 1979) (loss of supervisory authority is not a **personnel action**); *O'Peil v. State Civil Serv*[.] *[Comm'n],* . . . 332 A.2d 879 ([Pa. Cmwlth.] 1975) (failure to receive an increment where none was forthcoming under a compensation plan is not a **personnel action** and a change in a compensation plan is not a **personnel action**). . . . Therefore, the Commission in examining the Appeal Request[ ]Form and then dismissing the appeal without a hearing committed no error.

*Behm*, 494 A.2d at 1168 (bold emphasis added). Moreover, pursuant to Section 105.17 of the Commission's Regulations,[6] Mastrine had the option of filing a Petition for Reconsideration, wherein, she could have provided additional facts to support her appeal. For example, Mastrine could have selected that she was unlawfully discriminated against because she was "reassigned," and supplied her basis therefor. Instead, she filed a Petition for Review in this Court, wherein she argued nothing more than she was removed when, in fact, she has been and is still employed in the same position for the same amount of pay.[7]

---

[5] Added by Section 25 of the Act of August 27, 1963, P.L.1257, *as amended,* 71 P.S. § 741.905a ("No officer or employe of the Commonwealth shall discriminate against any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action . . . .")

[6] 4 Pa.Code § 105.17.

[7] The Commission explained:

> As there was no disciplinary or removal letter attached to the appeal, the [Commission] sent an email, dated March 27, 2017 requesting a copy of her removal letter. [Certified] Record [(C.R.)] Item B. In response, the [A]ppointing [[A]uthority stated, 'She has not been removed, she is still employed with Torrance State Hospital as an LPN.' [C.R.] Item B. Additionally, [the Commission] performed a

The Majority maintains: "[I]n its order, the Commission expressly recognized that Mastrine's 'appeal also relate[d] to [her] reassignment of duty.' [Certified Record (C.R.)] Item No. 4. Accordingly, the Commission's argument . . . that Mastrine neglected to allege any personnel action other than a removal in her appeal is not well-taken." Majority Op. at 6. However, although the Commission referred to a "reassignment of duty" in its Order, Commission April 19, 2017 Order (Order) at 1, it is clear **the Commission reviewed the appealed action as a removal under both Sections 951(a) and 905.1 of the Act because Mastrine selected that reason under both sections of her Appeal Request Form**. *See* Reproduced Record at 2a-3a. This fact is especially evident here where the Commission expressly stated that Mastrine's reassignment of duty "was not a personnel action appealable under the [Act] or rules." Order at 1. Clearly, the Commission was referring to Mastrine's "removal" and not her "reassignment" as the Majority concluded. Moreover, because a removal letter was not attached to the Appeal Request Form, the Commission requested it from the Appointing Authority, and the Appointing Authority confirmed that Claimant had not been removed. The Commission further checked Mastrine's work history in search of a removal, but again found none. Based thereon, Mastrine's appeal was properly denied.

---

routine check of [Mastrine's] Commonwealth job history by consulting her personnel records using SAP, a program that is used by the Commission to verify employment status of appellants. [C.R.] Item C. [The Commission] learned that [Mastrine's] classification had not been changed by her [A]ppointing [A]uthority. On March 20, 2017, the date the Civil Service received [Mastrine's] appeal request, [Mastrine] was classified as an LPN and was receiving the same compensation for her services as she had been on March 15, 2017, the date she signed her appeal request. [Reproduced Record] Ex 2a and 3a.

Commission Br. at 3-4.

The Majority "also disagree[s] with the Commission's contention that 'whether [Mastrine] had set forth a valid discrimination claim is irrelevant since [she] was never removed.' Resp't's Br. at 2." Majority Op. at 6-7. However, because there was no cognizable personnel action at issue here, there can be "no discrimination over which the Commission has jurisdiction" and, thus, the Commission did not err by dismissing the appeal without a hearing. *Behm,* 494 A.2d. at 1186.

Notwithstanding, the Dissent cannot agree with the Majority's conclusion: "Mastrine identified the bases for discrimination [age and sex] so as to trigger review of her hearing request under Section 951(b) of the Act." Majority Op. at 9. As stated by the Majority:

> Pursuant to Commission regulations, an appeal alleging discrimination must include 'specific facts relating to discrimination.' 4 Pa. Code §105.12(c). The following specific facts should appear in the appeal request form:
>
> (1) The acts complained of.
>
> (2) How the treatment differs from treatment of others similarly situated.
>
> (3) When the acts occurred.
>
> (4) When and how the appellant first became aware of the alleged discrimination.
>
> *Id.* The Commission properly dismisses an appeal without a hearing based on an insufficient allegation of discrimination.

Majority Op. at 8. Here, none of the above-stated factors appear in Mastrine's Appeal Request Form. In her addendum, as noted by the Majority, Mastrine alleges she was "replaced with someone with less education, experience and knowledge." C.R., Item No. 1, addendum. However, Mastrine does **not** allege that she was replaced by someone younger than her or that she was replaced by a male. More

importantly, Mastrine does not allege how her treatment differed from others similarly situated.  As such, Mastrine has not sufficiently alleged discrimination.  Accordingly, the Commission properly dismissed the appeal without a hearing.

> Moreover, the law is well-settled:
>
> An appellate court may not sua sponte address an issue not raised by counsel, because it deprives counsel of the right to brief and argue the issues and it also deprives the court of the benefit of counsel's advocacy. *Wiegand v. Wiegand, . . . 337 A.2d 256 ([Pa.] 1975).*
>
> Thus[,] our Supreme Court has rightly declared that the judiciary should not ambush legal counsel by raising new issues as a basis for deciding a case.  Usurping the role of counsel in that manner is forbidden even if counsel is forewarned and given an opportunity to address the new point on remand.

*Russell Minerals Fayette, Inc. v. Zoning Hearing Bd. of Fayette Cnty.,* 634 A.2d 836, 838 n.1 (Pa. Cmwlth. 1993).  Here, the Commission argued:

> As it was apparent from her job history that [Mastrine] had not been removed by the [A]ppointing [A]uthority, as she alleged in her appeal, [the Commission] issued an [o]rder dated April 19, 2017, denying her request for an appeal hearing to review [Mastrine's] alleged removal because 'There is no indication that a removal has occurred as defined by the Civil Service Act and Rules.'  R.R. Ex. 4a.  [The Commission] did not commit any error of law by denying [Mastrine's] request for a hearing **on this basis**.

Commission Br. at 5 (emphasis added).  As Mastrine did not assert any other basis, the Commission did not brief or argue any other issues.  Specifically, the Commission did not address the issue raised by the Majority, i.e., that Mastrine was "reassigned," because Mastrine did not raise that issue.

Finally, the Majority opines: "[T]he Commission erred in not considering Mastrine's hearing request under Section 951(b) of the Act."  Majority Op. at 9.  However, the Commission addressed both Mastrine's Section 951(a) claim

as well as her Section 951(b) claim (discrimination claim) as evidenced by its Order, wherein, it explained: it "reviewed **all** information presented by [Mastrine] on the Appeal Request Form and any attachments or additional documents." Order at 1 (emphasis added). As Mastrine checked off *removal* as the alleged action from which she was appealing under both sections of her Appeal Request Form and she was **not** *removed*, there is no appealable personnel action under either section. Thus, the Commission was permitted to dismiss her appeal without a hearing and without any further review. *See Behm,* 494 A.2d at 1168 ("Where there is no personnel action cognizable under the Act, there can be no discrimination over which the Commission has jurisdiction."). Accordingly, because "the Commission in examining the Appeal Request[] Form and then dismissing the appeal without a hearing committed no error[,]" a remand is not warranted. *Id.*

Moreover, there is no doubt that the Commission reviewed the Section 951(b) of the Act claim within the context of a "personnel action" as evidenced by its further argument:

> [The Commission] cannot hold hearings for claims of discrimination in a vacuum; they must be raised in conjunction with a challenge to **a bona fide and appealable personnel action. 71 P.S. §§ 741.951(b)[,] 741.905a**. Since [Mastrine] was not removed, the arguments she raises concerning the validity of her discrimination claims are irrelevant to the proper disposition of her petition for review by this Court.

Commission Br. at 6 (emphasis added). Again, the Commission addressed the only issue Mastrine raised. The Majority was precluded from raising additional issues on its own. Because it is not within this Court's province to advocate for petitioners, I would affirm the Commission's order denying Mastrine's hearing request under Section 951(b) of the Act.

_____
ANNE E. COVEY, Judge

AEC - 7